```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL NO. 2:00 CR 75
                              )
ANTONIO RUFFIN                )
```

<u>OPINION AND ORDER</u>

At the August 12, 2005 initial appearance, the government requested that the defendant, Antonio Ruffin, be held without bond.  A detention hearing was conducted on August 17, 2005, and the court now makes the following findings of fact:

1. The defendant currently is charged in a four count indictment with a violation of 21 U.S.C. ß 841(a)(1).  If convicted, the defendant faces a mandatory minimum sentence of five years imprisonment and a maximum sentence of 40 years imprisonment on each count.

2.  At the detention hearing, the government proffered evidence from case agent Christopher Allen to supplement the indictment and the prebond report prepared by the United States Probation Department.  The defendant also proffered evidence.

3.  Through a confidential informant, four controlled buys of crack cocaine were made between December 4, 1998 and January 26, 1999.  The confidential informant purchased approximately 60 grams of crack cocaine.

4.  The controlled buys occurred in the basement of 627 Harrison Street, Gary, the home of the defendant's mother.  After

the final controlled buy, the residence was searched and a rifle and handgun were found in the basement.

5. The indictment was returned on May 19, 2000. Federal agents talked to members of the defendant's family on a number of occasions, but the federal agents were unable to learn the whereabouts of the defendant.

6. Through a different confidential informant, federal agents learned that the defendant was living in Michigan City. The federal agents conducted surveillance of the defendant's residence and saw him leave on August 12, 2005.

7. When the defendant stopped at a gas station, the federal agents confronted him. The defendant provided an Indiana identification card with the name Anthony Russell and denied that he was Antonio Ruffin. The defendant also indicated that he had arrived at the house only a short time before the agents saw him leave. Due to the surveillance, the agents knew that this story was incorrect.

8. The agents also determined that there was an outstanding warrant for the defendant's arrest in LaPorte County due to his failure to appear in court on July 18, 1998 for a public intoxication charge.

9. The Indiana identification card also had a driver's license number. When agents checked with the Bureau of Motor Vehicles, they found a valid Indiana license issued to Anthony Russell at 1628 Cedar Street, Elkhart, Indiana.

10.  After being taken into custody, the defendant admitted that he was Antonio Ruffin and that he knew that he was being sought by federal agents.

11.  The defendant has been employed by his father who has a business in Merrillville.  If released on bond, his father has indicated that the defendant can continue working for him.

12.  In the prebond report, the defendant denied using any controlled substances.  Other than the outstanding warrant for the public intoxication charge, the defendant has no prior criminal record.

The government has proven by a preponderance of the evidence that the defendant is a flight risk.  After four controlled buys of crack cocaine, federal agents searched the defendant's residence in January 1999.  An indictment was returned against the defendant on May 19, 2000, and federal agents were unable to locate the defendant until August 12, 2005.

After his arrest, the defendant admitted that he was aware that federal agents were attempting to locate him.  The defendant had obtained both an Indiana driver's license and an Indiana identification card with his photograph and an Elkhart address.  At the time of his arrest, the defendant was living in Michigan City, but he gave his former Gary address in the prebond report.  Finally, the defendant failed to appear for a public intoxication charge in 1998, and there is an outstanding warrant for that charge.

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.  The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 19th day of August, 2005

                                            s/Andrew P. Rodovich
                                              United States Magistrate Judge