UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTONIO RUFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:00-CR-75-TS |
| | ) | 1:06-CV-241-TS |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

**A.     Background**

On May 19, 2000, a federal jury sitting in Hammond, Indiana, returned an indictment, charging the Petitioner, Antonio Ruffin, with four counts of distributing more than five grams of crack cocaine. The case remained pending for five years, until the Petitioner was located and arrested on August 12, 2005. On October 21, 2005, the government and the petitioner entered into a plea agreement in which the Petitioner agreed to plead guilty to Count 4 of the indictment, charging him with distributing more than five grams of crack cocaine on January 26, 1999. In exchange for his guilty plea, the government agreed to dismiss the remaining counts against the Petitioner. (Plea Agreement ¶ 7c.) The plea agreement explicitly stated that the parties did not agree whether the Petitioner's sentence should be enhanced under the "dangerous weapon" provision of § 2D1.1(b)(1) of the United States Sentencing Guidelines. (Plea Agreement ¶ 7d.iv.) In the agreement, the Petitioner waived his right to appeal his conviction and sentence:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my

>  offenses as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any postconviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

(Plea Agreement ¶ 7e.)

Later that day, the Petitioner pleaded guilty to Count 4 of the Indictment, during a hearing before Magistrate Judge Andrew P. Rodovich.

This Court sentenced the Defendant on January 20, 2006, to 87 months of imprisonment, followed by four years of supervised release. During the sentencing hearing, the Court accepted the government's position that the Petitioner's sentence should be enhanced by two points, pursuant to § 2D1.1(b)(1) of the Sentencing guidelines, as a result of police's recovery of a handgun, matching magazine, and seventeen rounds of ammunition in the basement of the home where the Petitioner lived and from which he sold the crack cocaine.

The Petitioner filed his § 2255 petition on June 27, 2006, raising four claims. He insists that his former attorney provided constitutionally insufficient assistance by: (1) failing to force the government to prove beyond a reasonable doubt the "924(c)" "enhancement" of his sentence; (2) failing to force the government to satisfy the proof requirements for a charge under 18 U.S.C. § 924(c); (3) failing to advise the Petitioner of the possibility of a sentencing enhancement and the resulting minimum and maximum penalties that applied to him; and (4) failing to file either an appeal or a notice of an appeal when instructed to do so. The Petitioner requests that the Court grant his § 2255 petition and vacate his sentence so that he can have another sentencing hearing.

He also requests that the Court vacate his plea of guilty.

The government filed a Response on August 11. It argues that the Petitioner's first three claims are estopped by the plea agreement but concedes that his fourth claim survives for the time being.

The Petitioner filed a Reply on August 28 in which he repeats the earlier arguments.

**B.     Discussion**

The Petitioner's first three claims fail because he has expressly waived his right to appeal or contest his conviction and sentence "to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including . . . any postconviction proceeding . . . under . . . Section 2255." (Plea Agreement ¶ 7e.) The Defendant does not claim that this waiver was the product of ineffective assistance of counsel; nor has he set forth facts illustrating that his attorney was deficient in negotiating his plea agreement. In addition, at his plea hearing, the Defendant affirmatively answered the Judge's questions as to whether he understood that under his plea agreement he was waiving his right to appeal and that the Court had authority to impose any sentence within the statutory maximum. If plea agreements are to continue having any worth, they must be enforced as agreed by the parties. *Cf. United States v. Williams*, 184 F.3d 666, 670 (7th Cir. 1999) (a defendant, who was on notice through a plea agreement that the sentence imposed could be more than he or the government expected, is bound by that plea agreement); *United States v. Standiford*, 148 F.3d 864, 867 (7th Cir. 1998) ("[L]aw in this circuit is clear: [knowing and voluntary] [w]aivers of appeal are enforceable."). Therefore, the Court

3

will dismiss the Petitioner's first three claims.

The Petitioner's fourth claim—that his attorney failed to appeal his case when instructed to do so—survives the Court's initial review. As noted above, a defendant's waiver of his right to pursue a direct appeal does not eliminate all appealable issues. Such waivers can be attacked if the waiver was not knowingly and voluntarily made or was procured through defense counsel's constitutionally ineffective negotiations. *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). In addition, a waiver "will not be enforced if a sentencing judge relied on impermissible facts (such as a defendant's race) or if the judge sentenced a defendant in excess of the statutory maximum sentence for the crime committed." *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997). Thus, the Petitioner's waiver did not foreclose him from pursuing a limited appeal to the Seventh Circuit, and his claim that his attorney did not appeal the case, despite being asked to do so, is a viable § 2255 claim. *See also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

The Court will hold a hearing to determine whether the Petitioner's attorney in fact did not follow his direction to appeal the case to the Seventh Circuit and, thus, provided ineffective assistance of counsel to the Petitioner. The Court will not need to address the merits of the Petitioner's appeal as the effective assistance of counsel in this case does not hinge on the nature of the appeal, but on the attorney's compliance with the criminal defendant's desire to appeal.

## CONCLUSION

For these reasons, the Court will hold an evidentiary hearing to determine whether the Petitioner's attorney rendered constitutionally ineffective assistance of counsel by failing to file a notice of appeal. The Court dismisses the Petitioner's remaining claims.

Since an evidentiary hearing on the Petitioner's motion will be held, the Court will appoint counsel to represent the Petitioner, as required by Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] Once counsel is appointed, the Court will schedule a teleconference to set the date for the evidentiary hearing.

SO ORDERED on October 12, 2006.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] The Court will address such appointment in a separate Order.